**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| J. DOE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI and | : | |
| UNITED STATES OF AMERICA | : | NO. 23-4764 |

**MEMORANDUM**

**Savage, J.**                                                                                                **February 28, 2024**

In this employment discrimination action brought under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, and Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791, *et seq*., plaintiff J. Doe's[1] allegations of discrimination, harassment, and a hostile work environment arose in Maryland.[2] Doe lives in Maryland and was employed by the Social Security Administration (SSA) in its Baltimore, Maryland office.[3] After reviewing the Complaint, we ordered the parties to file memoranda of law addressing whether the action should be transferred to the United States District Court for the District of Maryland.[4]

Doe argues that venue is proper in this district because the SSA Office of Civil Rights and Equal Opportunity misgendered them[5] in the decision that it authored in

---

[1] Plaintiff moved to proceed anonymously. Mot. of Pl. to Proceed Anonymously, Dec. 1, 2023, ECF No. 2. We deferred ruling on the motion until the defendant responded. Order, Dec. 15, 2023, ECF No. 4. Before the defendant could respond, we raised the venue issue.

[2] Compl. ¶¶ 51, 53, 61-63, ECF No. 1.

[3] *Id.* ¶¶ 1, 10.

[4] Order, Jan. 3, 2024, ECF No. 10.

[5] Plaintiff is non-binary and prefers the pronouns they, them, and theirs. Compl. ¶¶ 11-12, ECF No. 1.

Philadelphia, Pennsylvania.[6] Doe contends that the SSA's decision concluding it did not discriminate against Doe based on sex is part of the employment record.[7] Alternatively, Doe speculates that their employment records may have been maintained and administered in this district.[8]

The SSA argues that this venue is improper because Doe worked for the SSA in Maryland, they would have continued to work in Maryland, and their employment records are maintained and administered in Maryland.[9] The SSA claims that the SSA Office of Civil Rights and Equal Opportunity's decision, which postdated Doe's employment by more than seven months, is not an employment record under Title VII.[10]

We conclude that the proper venue is the District of Maryland, where Doe's employment records relevant to the practice at issue are located and the alleged unlawful conduct occurred. Therefore, we shall transfer this action to the District of Maryland.

## Standard of Review

If venue is improper, we must dismiss or, in the interest of justice, transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a). We may *sua sponte* question venue and direct the parties to address whether venue is proper in this district. *See Lafferty v. St. Riel*, 495 F.3d 72, 75 & n.3 (3d Cir. 2007) (implying district court can *sua sponte* assess venue); *Acad. Hill, Inc. v. City of Lambertville*, No. 2:21-CV-

---

[6] Mem. of Law of Pl. in Supp. of Venue & Req. for Ltd. Disc., at 1, Jan. 16, 2024, ECF No. 11 [Pl.'s Opp'n Transfer].

[7] Pl.'s Opp'n Transfer, at 2-3; Compl. Ex. A, at 12, ECF No. 1-1.

[8] Pl.'s Opp'n Transfer, at 3-5.

[9] Defs.' Mem. of Law in Supp. of Transfer, at 6, Jan. 16, 2024, ECF No. 12 [Defs.' Supp. Transfer]; Decl. Thomas, Jan. 10, 2024, ECF No. 12-1.

[10] Defs.' Supp. Transfer, at 7; Defs.' Reply to Pl.'s Mem. of Law in Supp. of Venue, at 1-2, Jan. 23, 2024, ECF No. 13 [Defs.' Reply].

01966-JDW, 2021 WL 2186415, at *1 (E.D. Pa. May 28, 2021) ("A district court can address a venue defect *sua sponte* if the court gives the plaintiff notice of its concern and an opportunity to be heard."); *Herzog v. Zales Corp.*, No. CIV.A. 15-1079, 2015 WL 3448738, at *1 (E.D. Pa. May 29, 2015) (directing parties to address venue in Title VII discrimination action).

We accept the facts bearing on venue in the complaint as true unless the defendants introduce affidavits or declarations that demonstrate venue is not proper. *See Bockman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1 (3d Cir. 2012) (citing *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1990)); *Parkell v. Danberg*, 833 F.3d 313, 320 n.2 (3d Cir. 2016) (explaining declarations complying with 28 U.S.C. § 1746 are deemed equivalent to affidavits); *cf. Myers v. Am. Dental Ass'n*, 695 F.2d 716, 723 (3d Cir. 1982) (referencing defendants' affidavits in concluding that venue was improper). If the defendant's evidence shows that venue is not proper, the plaintiff must rebut the evidence. *See Bockman*, 459 F. App'x at 162 (holding venue was improper because plaintiffs failed to rebut defendants' affidavit evidence).

**Analysis**

Title VII of the Civil Rights Act has its own exclusive venue provision. 42 U.S.C. § 2000e-5(f)(3). A plaintiff may only bring a Title VII claim in a district where: (1) the allegedly unlawful employment practice was committed; (2) the employment records relevant to the employment practices are maintained and administered; (3) the plaintiff would have worked but for the allegedly unlawful employment practice; or (4) if none of these conditions applies, where the defendant's principal office is situated. *Id.* Title VII's

exclusive venue provision is incorporated into and governs claims under the Rehabilitation Act.  *See* 29 U.S.C. § 794a-(a)(1).

The parties acknowledge that the District of Maryland is a proper venue.[11]  There is no dispute that Doe worked for the SSA in Maryland, the alleged intentional misgendering giving rise to Doe's claims occurred there, and Doe would have otherwise continued to work for the SSA in Maryland.[12]  Thus, the only basis for venue in this district is if Doe's employment records are maintained and administered here.

To controvert the allegation that Doe's employment records might have been maintained and administered in this district, the SSA produced the declaration of Leslie Thomas, a Human Resources Director for SSA's Office of Operational Human Resources.[13]  Thomas explained that Doe worked as an Assistant Module Manager at the SSA from July 3, 2022, through March 26, 2023.[14]  Doe's duty station was Baltimore, Maryland.[15]  Their employment records were maintained and administered in Baltimore, Maryland—not Philadelphia, Pennsylvania.[16]  They did not rebut Thomas's declaration.

The SSA has demonstrated that Doe's employment records are maintained and administered in Baltimore, Maryland.  An "employment record" includes records such as "requests for reasonable accommodation, application forms submitted by applicants and other records having to do with hiring, promotion, demotion, transfer, lay-off or

---

[11] Defs.' Supp. Transfer, at 13; *see* Pl.'s Opp'n Transfer, at 7 (requesting transfer to District of Maryland instead of dismissal).

[12] Defs.' Supp. Transfer, at 5; *see* Compl. ¶¶ 50-55 (alleging constructive discharge); Pl.'s Opp'n Transfer, at 4 (addressing Doe's worksite in Maryland).

[13] Defs.' Supp. Transfer, at 6; Decl. Thomas, Jan. 10, 2024, ECF No. 12-1.

[14] *See* Decl. Thomas ¶ 2, Jan. 10, 2024, ECF No. 12-1.

[15] *Id.*

[16] *Id.* ¶¶ 3-4.

termination, rates of pay or other terms of compensation, and selection for training or apprenticeship." 29 C.F.R. § 1602.14. The SSA Office of Civil Rights and Equal Opportunity's decision is not an "employment record."

Doe contends that the Office of Civil Rights and Equal Opportunity decision was issued in Philadelphia and establishes venue in this district.[17] The SSA argues that Doe cannot rely on the decision to establish venue because it is not an employment record under Title VII.[18] The decision was issued more than seven months after Doe's employment ended.[19] It cannot be an unlawful employment practice giving rise to this litigation.[20]

In rendering its decision, the SSA Office of Civil Rights and Equal Opportunity reviewed Doe's allegations of hostile work environment and the employment records giving rise to the complaint, all of which were maintained and administered in Baltimore, Maryland.[21] The locus of the relevant employment records is in Baltimore, not where the final agency decision was authored. *See Washington v. Gen. Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988) (finding that the "locus of the relevant employment records" exists where the records are maintained and administered, not where they are reviewed in an EEOC investigation).

Courts have determined that an Equal Employment Opportunity ("EEO") complaint is not an employment record, and where it was investigated and processed does not

---

[17] Pl.'s Opp'n Transfer, at 1.

[18] Defs.' Supp. Transfer, at 7.

[19] Defs.' Reply, at 1.

[20] *Id.* at 2.

[21] *See* Compl. Ex. A, at 1-5.

provide a basis for venue.  *See Ellis-Smith v. Sec'y of the Army*, 793 F. Supp. 2d 173, 176-77 (D.D.C. 2011) (collecting cases); *Fitten v. McCarthy*, No. CV 19-00520 LEK-WRP, 2020 WL 2736695, at *6 (D. Haw. May 26, 2020) (holding records used in administrative processing of plaintiff's EEO complaint are not employment records); *Jackson v. Mayorkas*, No. CV TDC-22-2193, 2023 WL 5278819, at *3 (D. Md. Aug. 16, 2023) ("The fact that some of the employment records, such as those relating to the EEO investigation, are found in a particular district does not establish venue.").  Where the SSA's decision was generated does not provide a basis for venue.

Because venue is improper in this district, we must either dismiss or transfer the action.  *See* 28 U.S.C. 1406(a).  The interest of justice is better served by transferring rather than dismissing this action.  The parties agree that the District of Maryland is a proper venue.  *Cf. Cumberland Truck Equip. Co. v. Detroit Diesel Corp.*, 401 F. Supp. 2d 415, 425 (E.D. Pa. 2005) (observing defendants agree that venue would be proper in transferee court).  Dismissal would require Doe to refile the action in Maryland, needlessly increasing the cost of the litigation.  *See Crayola, LLC v. Buckley*, 179 F. Supp. 3d 473, 480 (E.D. Pa. 2016) (holding that "it is in the interest of justice to transfer the case to a properly venued forum" where "dismissing a case outright would needlessly increase the cost of the action, requiring [Plaintiff] to commence a new action in a new forum").  Therefore, we shall transfer this action to the District of Maryland.